MEMORANDUM *
Anthony Todd Stefani appeals his sentence of twenty-seven months following a jury trial and conviction for conspiracy to defraud the IRS, in violation of 18 U.S.C. § 371, and aiding and assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2). We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.
We reject Stefani’s argument that the district court abused its discretion under Federal Rule of Evidence 1006 and violated Stefani’s due process rights by admitting testimonial hearsay evidence relying on charts and summarizing data. The underlying data regarding national tax return statistics was admissible in this case under Olender v. United States, 210 F.2d 795 (9th Cir.1954), which explains *581 that “all documents prepared by public law or required by the nature of their offices are admissible as proof of the facts stated therein.” Id. at 801. Further, the charts were relevant to show that the average charitable contribution of the tax returns Stefani prepared was much higher than the national average, and the percentage of tax returns Stefani prepared which resulted in refunds was much higher than the average. Finally, Stefani’s personal tax returns were admissible as certified tax returns are admissible under the public records exception to the hearsay rule. See Hughes v. United States, 953 F.2d 531, 540 (9th Cir.1992).
Stefani further argues that his within-guidelines sentence was unreasonable because the district court did not analyze the § 3553(a) factors orally at the sentencing hearing. The district court does not need to “tick off each of the § 3553(a) factors to show that it has considered them.” United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc). Instead, it must explain the sentence “sufficiently to permit meaningful appellate review.” Id. Here, the district court took care to analyze the pertinent § 3553(a) factors in its written sentencing memorandum, which was incorporated into the proceedings.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.